UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE MCKESSON GOVERNMENTAL ENTITIES AVERAGE WHOLESALE PRICE LITIGATION | Master File No.: 1:08-CV-10843-PBS<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**PLAINTIFFS' OPPOSITION TO MCKESSON'S MOTION FOR
LEAVE TO TAKE DEPOSITION OF BLUE SHIELD AND ARGUS**

## I.     INTRODUCTION

Plaintiffs object to McKesson's motion for leave to take the depositions of Blue Shield of California and Argus Health Systems because it is inconsistent with the Court's clear instructions not to repeat discovery taken in the underlying *Carpenter's* litigation and not to take discovery of PBMs other than those in privity with the named plaintiffs. At the February 12, 2009 status hearing the Court repeatedly admonished the parties not to retake discovery already conducted in *Carpenters* and barred discovery of PBMs other than the ones in a contractual relationship with the named plaintiffs.[1] Because McKesson's request does not comply with the Court's directive, it should be denied.

---

[1] *See*, *e.g*., transcript of the February 12, 2009 status hearing at 20:18-21:11, 41:14-16, attached for the Court's convenience as Ex. A to the Declaration of Steve W. Berman in Support of Plaintiffs' Opposition to McKesson's Motion for Leave to Take Deposition of Blue Shield and Argus ("Berman Decl.").

## II.   ANALYSIS

**A.   CMO No. 2 Prohibits Parties From Retaking Discovery Already Conducted in Carpenters.**

CMO No. 2 expressly prohibits the parties from redoing discovery that was already conducted in *Carpenters*:

> The parties shall not duplicate any core liability discovery in these Public Payor actions that was conducted in Carpenters, and the parties shall not redo any discovery previously conducted in Carpenters without obtaining leave of Court after demonstrating good cause.

CMO No. 2 (Dkt. No. 35), ¶ 3.  The same core liability issues are at stake in this case as in the underlying *Carpenters* litigation, including TPP knowledge of the markup increases.  *See New England Carpenters v. First DataBank*, 248 F.R.D. 363, 367-69 (D. Mass. 2008) (discussing the hotly contested issue of TPP knowledge and referring to Blue Shield as an example).  In *Carpenters* McKesson examined Blue Shield at length to find out what it knew about the increases to the AWP-WAC markup and how it took steps to avoid further losses.  *See id*.  To now argue that it needs to re-depose Blue Shield on the pretext of finding out whether Blue Shield shared its knowledge of markup increases specifically with public payors is laughable.  TPP knowledge was <u>the critical issue</u> in *Carpenters* and merely putting the public payor spin on it doesn't change things.  If it did, we can expect that the 33 subpoenas McKesson has already issued in this litigation to be joined up with a reissuing of the 60 plus subpoenas it issued in the last litigation – a result that CMO No. 2 intended to foreclose.

**B.   McKesson is not Allowed to Take Discovery of any PBMs Other Than Those Who Contracted With the Named Plaintiffs.**

The argument against deposing Argus is even simpler.  Argus is a PBM and not a PBM for any of the named plaintiffs.  The Court's order provides:

> Discovery of PBMs is limited to the PBMs used by the named Plaintiffs for the time being. If, after taking discovery of these PBMs, McKesson believes that it needs additional discovery from PBMs that were not used by the named Plaintiffs, it may seek leave of Court.

CMO No. 2, ¶ 7. McKesson has not taken the depositions of the plaintiffs' PBMs. Its motion for leave to depose Argus is at best premature as it has not shown that discovery from the other PBMs is insufficient.

McKesson seeks to evade this result bizarrely by denying that Argus is a PBM. But McKesson's own expert, Dr. Willig, described Argus as a PBM.[2] And Plaintiffs' expert, Dr. Hartman, identified Argus in an exhibit to his September 14, 2007 report as a PBM who occupied roughly a 5% share of the PBM market in 2002 and 2005.[3] Similarly, Blue Cross and Blue Shield of Montana identified Argus as a PBM and as a finalist in its request for proposals from PBMs.[4] And Hewitt Associates, a human resources consultant, testified that Argus is a PBM and that it provides claims administration services to the TPP giant Humana.[5] So it is daft to argue that Argus is not a PBM or that it is somehow not a PBM for the purposes of this litigation. And Argus identifies itself as a PBM landing its receipt of an award as the "Highest Rated PBM."[6] And McKesson never even attempts to explain why a PBM that primarily provides claims administrative services is any less relevant or knowledgeable about pharmacy prices than a PBM that specializes in creating pharmacy networks or reviewing drug utilization.

---

[2] Berman Decl., Ex. B (Rebuttal Expert Decl. of Robert D. Willig (May 7, 2007), ¶ 49).

[3] Dr. Hartman's September 14, 2007 Expert Report, Table E.1, attached for the Court's convenience as Ex. C to the Berman Decl.

[4] Deposition of Tina Wong at 33:4-36:4, attached for the Court's convenience as Ex. D to the Berman Decl.

[5] Berman Decl., Ex. E (Deposition of Matthew Gibbs at 65:3-12).

[6] Berman Decl. Ex. F (information from the Argus' website calling itself a PBM).

Nor has McKesson provided good cause to deviate from the Court's order. Fundamentally, CMO No. 2 provides that:

> Discovery in these Public Payor actions shall be limited to issues specific to Public Payors, including issues regarding Public Payor entities, programs, knowledge, and damages.

CMO No 2, ¶ 3. McKesson has not shown that Argus has any more useful information about the unique public payor issues than any of the PBMs who have contracted with the named plaintiffs to provide PBM services. For example, McKesson claims that Argus identified 23 clients who enrolled in its Alternative Price Source Savings program but has no reason to believe that any one of them is a public payor. No doubt McKesson would like another opportunity to relitigate the Carpenters litigation, but the Court has already said no. At a minimum McKesson should satisfy the conditions of CMO No. 2 before seeking after greener fields.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny McKesson's motion.

DATED:  September 14, 2009

By      s/ Steve W. Berman
    Steve W. Berman
    Sean R. Matt
    Barbara A. Mahoney
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

James L. Ward, Jr.
A. Hoyt Rowell, III
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
P.O. Box 1007
Mt. Pleasant, SC 29465
843-727-6500 (tel.)
843-216-6509 (fax)

*Co-Lead Counsel for Consolidated Public Payor Plaintiffs*

R. Bryant McCulley
MCCULLEY MCCLUER PLLC
One Independent Drive, Suite 3201
Jacksonville, FL 32202
904-482-4073 (tel.)
904-354-4813 (fax)

Stuart H. McCluer
MCCULLEY MCCLUER PLLC
1109 Van Buren Avenue
Oxford, MS 38655
662-236-1401 (tel.)
662-234-1974 (fax)

Daniel Kotchen
Daniel Low
KOTCHEN & LOW LLP
2300 M St., NW, Suite 800
Washington, DC 20037
202-416-1848 (tel.)
202-280-1128 (fax)

*Attorneys for Consolidated Public Payor Plaintiffs*

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

- 5 -

Jeff Friedman
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

*Attorneys for the San Francisco Health Plan*


Dennis J. Herrera
City Attorney
Danny Chou (California Bar No. 180240)
Chief of Complex and Special Litigation
Owen Clements (California Bar No. 141805)
Chief of Special Litigation
Alex Tse
Erik Rapoport (California Bar No. 187059)
Deputy City Attorneys
OFFICE OF THE SAN FRANCISCO
   CITY ATTORNEY
1390 Market Street, 7th Floor
San Francisco, CA 94102
Telephone: (415) 554-3900
Facsimile: (415) 554-3985

*Attorneys for the San Francisco Health Plan and the People of the State of California*


Louise H. Renne (pro hac to be filed)
Jonathan V. Holtzman (pro hac to be filed)
Allyson S. Hauck
RENNE SLOAN HOLTZMAN SAKAI LLP
350 Sansome Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 678-3800
Facsimile: (415) 678-3838

*Attorneys for the San Francisco Health Plan*

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

                                  Richard Blumenthal
Attorney General
Robert B. Teitelman
Assistant Attorney General
Thomas J. Saadi
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Telephone:  (860) 808-5355
Facsimile:  (860) 808-5391

*Attorneys for the State of Connecticut*

001821-17 327042 V1

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on September 14, 2009.

                                                                                                    s/ Steve W. Berman
                                                                                                     Steve W. Berman